**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.  JAMES L. MUNDELL,           )<br>                                                       )<br>       Plaintiff,                             )<br>                                                       )<br>vs.                                                 )<br>                                                       )<br>1.  SAME DAY AUTO REPAIR, INC., a  )<br>     domestic for profit business corporation, )<br>                                                       )<br>       Defendant.                        ) | Case No. 14-CV-510-GKF-PJC<br><br>*Jury Trial Demanded*<br><br>*Attorney Lien Demanded* |

### COMPLAINT

**COMES NOW** James L. Mundell, Plaintiff in the above-entitled action, by and through his attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for his causes of action alleges as follows:

#### JURISDICTION, VENUE, PARTIES

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331 (West 2013) and 28 U.S.C.A. § 1343(a)(4) (West 2013), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*. (West 2013).

2. Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3. Plaintiff James L. Mundell, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

4. Defendant Same Day Auto Repair, Inc. ("Same Day"), at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic for profit business corporation operating in and under the laws of the State of Oklahoma, was and is an employer affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C.A. §

2000e(f), and was and is a business operating in and around the City of Tulsa, Tulsa County, Oklahoma.

5. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### PLAINTIFF'S STATEMENT OF THE FACTS

6. Plaintiff James L. Mundell incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7. Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant Same Day within the meaning of 42 U.S.C.A. § 2000e(f), who worked as a "lube tech" for Defendant at its store located at 3220 South Sheridan Road, City of Tulsa, Tulsa County, Oklahoma.

8. Further, Plaintiff has been at all times relevant to the claims alleged herein a member of a recognized protected class under applicable federal statutes and law, that being a male.

9. Plaintiff began his employment with the Defendant Same Day on or about February 22, 2013.

10. Almost immediately, Plaintiff was subjected to offensive, sex-based conduct and comments by his immediate supervisor, Billy Stiles, the store manager at the Sheridan Road location, which were designed to demean and harass Plaintiff in his workplace, and which included the following:

    a. Mimed a sex act upon Plaintiff by "humping" Plaintiff's buttocks.

    b. Repeatedly contacted Plaintiff's buttocks with his hand.

  c. Repeatedly referred to Plaintiff, in the presence of others, as "bitch" and "nigger bitch."

  d. Stated to Plaintiff, "Your erection is showing," while a district manager for Defendant was present, and to which the district manager responded with laughter.

11. After continuously being subjected to this offensive and demeaning conduct, Plaintiff submitted a handwritten letter, dated March 12, 2013, summarizing Stiles' behavior to Defendant Same Day's owner, Danny Smith.

12. Further, the last line of Plaintiff's letter specifically requested that Danny Smith bring Stiles' offensive conduct to cessation.

13. However, Stiles continued to conduct himself in the same offensive manner subsequent to Plaintiff's written request that it be stopped.

14. Accordingly, on or about March 20, 2013, Plaintiff could no longer tolerate the pervasive and daily harassment and constructively discharged from his employment with Defendant Same Day.

15. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") within one hundred eighty (180) days of the events described herein.

16. Pursuant to Plaintiff's complaint, EEOC issued a "Dismissal and Notice of Rights," or "Right to Sue Letter," dated June 5, 2014, and which was received by Plaintiff on June 9, 2014; consequently, this matter has been filed within ninety (90) days of its receipt by Plaintiff.

**FIRST CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT**
**TITLE VII, 42 U.S.C.A. §§ 2000e** *et seq.*
**AS TO DEFENDANT SAME DAY AUTO REPAIR**

17. Plaintiff James L. Mundell incorporates paragraphs 1 through 16 herein as if fully set forth verbatim.

18. Plaintiff, while an employee of Defendant Same Day, was subjected to a hostile work environment by his supervisor, Billy Stiles, through his pervasive, derogatory and unwelcome comments, as well as overt conduct, which were sexually-based, creating a workplace environment which a reasonable person would deem offensive and intolerable, and which Plaintiff did deem offensive and intolerable.

19. In response to the offensive conduct on the part of Billy Stiles, as described herein, Plaintiff submitted to Defendant's owner, Danny Smith, a writing summarizing Stiles' offensive conduct, as well as a request that Smith bring said conduct to cessation.

20. However, Danny Smith failed to bring Stiles' conduct to cessation, and Plaintiff continued to be subjected to the same type of offensive conduct on the part of Stiles.

21. As a result of the actions constituting a hostile work environment perpetrated by Plaintiff's immediate supervisor at Defendant Same Day, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* were violated, causing him injury.

**SECOND CAUSE OF ACTION**
**CONSTRUCTIVE DISCHARGE**
**TITLE VII, 42 U.S.C.A. §§ 2000e** *et seq.*
**AS TO DEFENDANT SAME DAY AUTO REPAIR**

22. Plaintiff James L. Mundell incorporates paragraphs 1 through 21 herein as if fully set forth verbatim.

23. Plaintiff and Defendant Same Day had an established employer-employee relationship during the period of time that Billy Stiles, Plaintiff's supervisor, subjected Plaintiff to unwelcome and offensive conduct and comments, which were based upon sex, that adversely affected Plaintiff's terms and conditions of employment.

24. Plaintiff complained of Stiles' conduct and comments to Defendant Same Day's owner, Danny Smith.

25. Notwithstanding Plaintiff's complaint, Danny Smith did not bring Stiles' conduct and comments to cessation.

26. Defendant Same Day, by and through Billy Stiles' conduct and comments, as well as Danny Smith's failure to bring such conduct and comments to cessation, made Plaintiff's working conditions so intolerable that a reasonable person in Plaintiff's situation would find no alternative other than to quit said employment.

27. Accordingly, Plaintiff separated from his employment with Defendant Same Day.

28. As a result of the intolerable actions perpetrated by Plaintiff's supervisor, Billy Stiles, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* were violated, causing him injury.

### PUNITIVE AND EXEMPLARY DAMAGES

29. Plaintiff James L. Mundell incorporates paragraphs 1 through 28 herein as if fully set forth verbatim.

30. The acts and omissions by Defendant Same Day, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

31. As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant, subject to applicable statutory caps, and sufficient to deter others similarly situated from like behavior.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff James L. Mundell prays this Court to grant to him the following relief:

    A.    Judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00);

    B.    Punitive damages against Defendant to the extent permitted by law;

    C.    Order Defendant to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

    D.    Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
401 South Boston Avenue
Mid-Continent Tower, Suite 450
Tulsa, Oklahoma 74136
(918) 924-5101 – Telephone
(918) 512-4888 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
*Attorneys for Plaintiff:*
*James L. Mundell*